**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN SPEARMAN,** <br> **Plaintiff,** <br><br> **v.** <br><br> **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** <br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **C.A. No. 25-213 Erie** <br><br> **District Judge Susan Paradise Baxter** |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff Steven Spearman initiated the present action on July 10, 2025, by filing a complaint against State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff subsequently filed an amended complaint on September 25, 2025 [ECF No. 10], which is the operative pleading in this case. This case arises out of a motor vehicle accident that occurred on October 5, 2022. On that date, Plaintiff was a passenger in a vehicle owned and operated by another individual (the "Vehicle") when the Vehicle was struck by another vehicle at an intersection in Erie, Pennsylvania (the "Accident"). (ECF No. 10, at ¶ 7).

At the time of the Accident, Plaintiff was insured under two State Farm insurance policies, one of which carried first-party medical benefits in the amount of $100,000.00. (Id. at ¶¶ 11-12). Plaintiff submitted an insurance claim to State Farm for medical treatment related to his alleged injuries caused by the accident (Id. at ¶¶ 8, 13); however, Plaintiff alleges that State Farm has refused to pay for all of his reasonable and necessary medical treatment arising out of the Accident within the time required under Pennsylvania's Motor Vehicle Financial

Responsibility Law, 75 Pa. C.S. § 1701, *et seq.* ("MVFRL"). In particular, Plaintiff alleges that State Farm failed to investigate or challenge the medical treatment, disregarded medical documentation supporting the claim, and excessively and unreasonably delayed the handling of the claim. (Id. at ¶¶ 19-22). As a result, Plaintiff seeks to recover monetary damages, asserting claims of breach of contract (Count I) and bad faith (Count II).

State Farm has filed a motion to dismiss Count II of the complaint, arguing that Plaintiff's bad faith claim is precluded by the MVFRL. [ECF No. 11]. Plaintiff has since filed a brief in opposition to State Farm's motion. [ECF No. 15]. This matter is now ripe for consideration.

## II. DISCUSSION

Plaintiff brings its bad faith claim pursuant to Pennsylvania's Insurance Bad Faith Act, 42 Pa. C.S. § 8371, which provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

The MVFRL provides a similar cause of action for bad faith claims arising from the nonpayment of medical expenses under an auto insurance policy: "A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a [Peer Review Organization]." 75 Pa. C.S. § 1797(b)(4). If the court determines "that medical

treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12%, as well as the costs of the challenge and all attorney fees." Id. § 1797(b)(6).

In Banks v. Allstate Fire and Cas. Ins. Co., 454 F.Supp.3d 428 (M.D. Pa. 2020), the court discussed the interplay of 42 Pa. C.S. § 8371 and 75 Pa. C.S. § 1797(b), noting the following:

> [D]istrict courts in this circuit have split on the extent to which § 1797 preempts § 8371. See Metro. Grp. Prop. & Cas. Ins. Co. v. Hack, 312 F. Supp. 3d 439, 446 (M.D. Pa. 2018) (collecting cases and providing relevant history of the district split). While courts agree that § 1797 generally preempts § 8371 in claims for first-party benefits under the MVFRL, "[a] robust majority of courts have held that a Section 8371 claim is not preempted when an insurer's alleged malfeasance goes beyond the scope of Section 1797 or is obviously not amenable to resolution by the procedures set forth in Section 1797(b)." Id. Malfeasance claims that go beyond the scope of § 1797 may include "bad faith claims involving contract interpretation, an insurer's abuse or improper invocation of the PRO process, and disputes over causation." Id. On the other hand, "allegations of failure to pay first party benefits, investigate claims, act in a reasonable time and in good faith, fairly evaluate coverage, explain decisions, and effectuate a prompt and fair resolution of the claim are merely challenges to the reasonableness and necessity of the medical treatment" and are thus preempted by § 1797.

Banks, 454 F.Supp.3d at 440-41.

Here, State Farm argues that Plaintiff's bad faith claim is preempted by the MVFRL because it pertains to the denial of first party medical benefits in connection with a motor vehicle accident. (ECF No. 12, at pp. 5). In support of this argument, State Farm analogizes Plaintiff's bad faith claim to the claim that was raised by the insured in Hickey v. Allstate Prop. & Cas. Ins. Co., 722 F.Supp.2d 609 (M.D. Pa. 2010), which "amount[ed] to a challenge to the denial of first-party benefits based on the reasonableness and necessity of medical treatment." Id. at 614. In particular, State Farm asserts that, "[l]ike in Hickey, the gravamen of Plaintiff's Bad Faith claim here is the handling, investigation, and failure to pay first-party benefits in connection with a

motor vehicle accident" (ECF No. 12, at p. 6); however, as Plaintiff aptly notes in his opposition brief, State Farm's argument wrongly conflates the allegations of Plaintiff's breach of contract claim with those supporting his claim of bad faith.

Specifically, Plaintiff's bad faith claim focuses on State Farm's decision to put Plaintiff's benefit claim "on hold" due to "its investigation into the causation of Plaintiff's injuries and the circumstances surrounding the accident." (ECF No. 10, at ¶ 29c). Other supporting allegations include, but are not limited to, the following:

> b. State Farm has disregarded its internal procedures and failed to make a proper and adequate investigation of Plaintiff's claim and the causation thereof;
>
> * * *
>
> h. State Farm's so-called investigation was not related to whether or not [Plaintiff] was receiving care that was reasonable and necessary, but was rather into the factual circumstances of the accident itself and into [Plaintiff] personally;
>
> * * *
>
> r. … State Farm's so-called investigation into 'the facts surrounding [Plaintiff's] motor vehicle accident' had nothing to do with whether or not [Plaintiff's] treatment was reasonable and necessary, and instead arose out of State Farm's unfounded incredulity as to the legitimacy of [Plaintiff's] accident,…

(ECF No. 10, at ¶¶ 29b, h, r).

Thus, contrary to State Farm's assertion, Plaintiff's bad faith allegations do not challenge State Farm's denial of first-party medical benefits based on its assessment of the reasonableness and necessity of Plaintiff's medical treatment; instead, they challenge State Farm's withholding of first-party benefits based on its allegedly bad faith dispute of the causation of Plaintiff's injuries. A bad faith claim based on such allegations goes beyond the narrow scope of section 1797 of the MVRFL and may be pursued under 42 Pa. C.S. § 8371. <u>See</u> <u>Banks</u>, 454 F.Supp.3d at

440 (holding that "a Section 8371 claim is not preempted when an insurer's alleged malfeasance goes beyond the scope of Section 1797," such as "disputes over causation"); Hickey, 722 F.Supp.2d at 614 ("a claim disputing the cause of injury[,] go[es] beyond the scope of section 1797 and may be pursued under section 8371.") (citation omitted). See also Stephano v. Tri–Arc Fin. Serv., Inc., 2008 WL 625011, at *6 n. 9 (M.D. Pa. Mar.4, 2008) ("From the explicit, narrow language of the statute, it is evident that the legislature intended that § 1797 only govern the issue of whether the medical treatment was necessary or reasonable.").

Based on the foregoing, State Farm's motion to dismiss Plaintiff's bad faith claim at Count II of his amended complaint will be denied.

An appropriate Order follows.